UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                          Case No. 19-49926

MICHAEL DAVID CLOYD,                                            Chapter 13
and MICHELLE LYNN CLOYD,
                                                                Judge Thomas J. Tucker
        Debtors.
_____/

**ORDER DENYING THE DEBTORS' MOTION FOR REINSTATEMENT**

This case is before the Court on the Debtors' motion entitled "Ex-Parte Motion to Reinstate Chapter 13 Case," filed on October 28, 2019 (Docket # 28, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's October 23, 2019 Order dismissing this case (Docket # 26). The Court will deny the Debtors' Motion, for the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

**Second,** the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this case.

**Third,** the Motion alleges, in effect, that this case was dismissed because of neglect or a mistake by the Debtors' attorney (*see* Motion at ¶ 4). But any neglect or mistake by the Debtors' attorney must be considered to be attributable to the Debtors, for purposes of determining whether such neglect or mistake was excusable. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the United States Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" . . .

> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

The allegations of the Motion do not demonstrate a mistake or neglect by the Debtors' attorney that is excusable. Under the circumstances, the type of mistake or neglect by the Debtors' attorney that is alleged in this case is not "excusable neglect." *See, e.g., Symbionics, Inc. v. Ortlieb*, 432 Fed. Appx. 216, 2011 WL 2076335 (4th Cir., May 23, 2011) at *3; *In re Bonfiglio*, 2018 WL 5295879 (B.A.P. 6th Cir., October 24, 2018) at *5.

In *Bonfiglio*, for example, the Bankruptcy Appellate Panel held:

> "'case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).'" *Barron v. Univ. of Mich.*, 613 F. App'x. 480, 487 (6th Cir. 2015) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)).

*Id.*

In the *Symbionics* case, the United States Court of Appeals for the Fourth Circuit discussed in detail the application of the four *Pioneer Investments* factors in this type of attorney-error situation. Among other things, *Symbionics* held that the third *Pioneer Investments* factor, namely, "the reason for the delay, including whether it was within the reasonable control of the movant," is "the most important to the excusable neglect inquiry." *See Symbionics, Inc. v. Ortlieb* at *3 (citation omitted). In *Symbionics*, the Fourth Circuit held that the attorney's neglect in that case — a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar" — was not excusable neglect. *Id.* at * 1, 3. After noting that "[e]xcusable neglect is not easily demonstrated, nor was it intended to be," the Fourth Circuit found as follows:

> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application — the operation of which counsel did not completely comprehend — to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation,

> are the very essence of counsel's negligence here. Furthermore, **this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past.**

*Id.* at *3 (emphasis added; citations omitted; internal record citation omitted). The reasoning and holding of *Symbionics* applies to this case. In this case we have, at best from Debtors' perspective, a case of "run-of-the-mill inattentiveness by counsel."

**Fourth,** the Debtors are not barred from filing a new bankruptcy case.

Accordingly,

IT IS ORDERED that the Motion (Docket # 28) is denied.

**Signed on October 28, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**

3